ESTATE OF CARL V. SCHAEFER, DECEASED, GARY R. SCHAEFER, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Schaefer v. Commissioner
Docket No. 1762-92
United States Tax Court
T.C. Memo 1993-458; 1993 Tax Ct. Memo LEXIS 471; 66 T.C.M. (CCH) 944; September 30, 1993, Filed *471 Decision will be entered under Rule 155. For petitioner: James Harbert. For respondent: J. Paul Knap. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on petitioner's motion under section 7430 for an award of litigation costs. All section references are to the Internal Revenue Code. The parties have settled all substantive tax issues. The only issue remaining is whether petitioner is entitled to recover litigation costs. The parties have submitted documentation concerning the negotiations and communications that occurred between their representatives prior to March 22, 1993, when a stipulation as to settled issues was filed with the Court. On March 30, 1988, decedent, Carl V. Schaefer, died while residing in Milwaukee, Wisconsin. On December 22, 1988, petitioner Gary R. Schaefer, personal representative for decedent's estate, filed decedent's Federal estate tax return. In May of 1990, Norman Wheeler, an employee of respondent's Estate and Gift Tax Group, Examination Division, was assigned to examine decedent's estate tax return. In the course of his examination, Mr. Wheeler spoke to Linda Kempfer, the recipient of many gifts made by decedent prior *472 to his death. Among other things, Ms. Kempfer received gifts of money, automobiles, and a diamond ring. Prior to his death, decedent told Ms. Kempfer that he preferred to give her monetary gifts in the form of cash or cashier's check, not in the form of personal checks. Ms. Kempfer explained to Mr. Wheeler that all of the money she received between late 1985 and decedent's death constituted gifts from decedent, except for wages she received as a waitress and except for a $ 3,000 insurance settlement. Neither decedent nor Ms. Kempfer kept records of gifts decedent made to Ms. Kempfer. Ms. Kempfer provided to Mr. Wheeler a copy of a written agreement dated July 2, 1987, signed by decedent and by her, which stated that all money transferred by decedent to Ms. Kempfer constituted gifts. Mr. Wheeler discovered cashier's checks, a currency transaction report, and two checks written on decedent's personal bank account which evidenced gifts made by decedent to Ms. Kempfer. Additionally, Mr. Wheeler examined deposits made to Ms. Kempfer's bank accounts. At the conclusion of his examination, Mr. Wheeler determined that all deposits to Ms. Kempfer's bank accounts for the years at issue *473 that exceeded the gross income she had reported on her Federal income tax returns for each year, were gifts from decedent. Respondent determined that the total amount of gifts made by decedent to Ms. Kempfer in 1985, 1986, 1987, and 1988 (net of the annual exclusions) was $ 341,831, and respondent included these gifts in decedent's gross estate. Decedent did not file gift tax returns with regard to the gifts made to Ms. Kempfer. On October 24, 1991, respondent issued to petitioner a notice of deficiency in the amount of $ 179,547. On January 23, 1992, petitioner filed a petition with the Tax Court. On February 27, 1992, respondent filed an answer and immediately transferred settlement jurisdiction for the case to respondent's Office of Appeals. On October 22, 1992, the case was calendared for trial in Chicago, Illinois, for the session starting on March 22, 1993. The parties engaged in discovery and settlement negotiations. On March 22, 1993, a Stipulation as to Settled Issues was filed with the Court. The stipulation settled all issues in the case except for petitioner's right to litigation costs. In the stipulation, the parties agreed that adjusted taxable gifts in the *474 total amount of $ 70,278 were made by decedent to Ms. Kempfer. Several other issues were settled in the stipulation, but petitioner does not seek any litigation costs attributable to the other issues. Section 7430(a) authorizes an award to taxpayers of reasonable litigation costs incurred in a Tax Court proceeding. , affg. in part, revg. in part, and remanding ; . In order to be entitled to an award of litigation costs, the moving party must establish, among other things, that the party is a "prevailing party" within the meaning of section 7430(c)(4)(A). ; ; . To be considered a "prevailing party", taxpayers bear the burden of showing, among other things, that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(i); *475 , affg. per curiam ; ; ; . Whether respondent's position was substantially justified depends upon whether respondent's position was unreasonable in light of all the facts and circumstances of the case and in light of legal precedent relating to the case. ; ; , affd. ; . Generally, respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable. ; *476 Sher v. Commissioner, 861 F.2d at 134. Petitioner asserts that respondent's litigation position was not substantially justified because respondent used an unprecedented method of proof in determining the amount of gifts made by decedent to Ms. Kempfer -- namely, respondent relied on an analysis of the bank accounts of Ms. Kempfer, the recipient of the gifts, to estimate the amount of gifts made by decedent. We believe, however, that respondent was justified in estimating the gifts made by decedent to Ms. Kempfer by analyzing deposits to Ms. Kempfer's bank accounts. Ms. Kempfer's bank account records reflected deposits far in excess of her earnings as a waitress. Decedent did not keep records of gifts he made to Ms. Kempfer, nor did Ms. Kempfer keep records of gifts she received from decedent. Respondent had ample evidence to conclude that all deposits made to Ms. Kempfer's accounts (except for her wages and an insurance settlement) were gifts from decedent. As part of the settlement, respondent did not concede her determination that gifts were made by decedent to Ms. Kempfer. Taking into consideration litigation hazards, respondent agreed that *477 the amount of the gifts to be included in decedent's gross estate was significantly less than she had determined in the notice of deficiency. When respondent issued the notice of deficiency, there was substantial evidence to support the determinations made therein. Respondent's position had a reasonable basis in both law and fact. Petitioner's reliance on , is misplaced. In Hall v. Commissioner, respondent's litigation position was based on a computer printout which erroneously listed 40 checks totaling over $ 100,000. Respondent denied the taxpayer's assertion that the printout was erroneous, and respondent refused to examine the underlying checks. No similar conduct is present in this case. We hold that petitioner has not established that respondent's litigation position was not substantially justified. Petitioner is not entitled to recover litigation costs under section 7430. An appropriate order will be issued, and decision will be entered under Rule 155.